**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

| | |
|---|---|
| TOBIAS SMITH, | |
| Plaintiff, | CIVIL ACTION NO.: 6:18-cv-64 |
| v. | |
| SGT. SHADDRICK WOODS; and OFFICER TALMAGE, | |
| Defendants. | |

## <u>ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Plaintiff brought this 42 U.S.C. § 1983 action while incarcerated at Georgia State Prison in Reidsville, Georgia, in order to challenge certain conditions of his confinement. Doc. 1 at 1. For the reasons below, I **RECOMMEND** the Court **DISMISS** Plaintiff's request for damages due to lack of medical treatment and **DISMISS** Plaintiff's failure to intervene claim against Defendant Woods. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis status* on appeal as to those two issues. However, I **FIND** Plaintiff's excessive force claim against Defendant Talmage shall proceed. A copy of Plaintiff's Complaint, doc. 1, and a copy of this Order shall be served upon Defendant Talmage by the United States Marshal without prepayment of cost.

### BACKGROUND[1]

Between 12:30 p.m. and 1:30 p.m. on April 25, 2018, Plaintiff sat in the holding cells in the G-1 dormitory along with his cellmate Malik Hill while prison officials conducted a

---

[1]      During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." <u>Waldman v. Conway</u>, 871 F.3d 1283, 1289 (11th Cir. 2017).

shakedown of their cell unit.  Doc. 1 at 5.  At some point, Defendant Woods, the senior officer, and Defendant Talmage came to transport Plaintiff and Hill back to their unit.  Id.  Defendant Talmage placed Plaintiff in restraints, and Defendant Woods did the same to Hill.  Id.  Plaintiff and Hill then told Defendant Woods that they had not yet received their lunch trays.  Id.  Defendant Woods asked Defendant Talmage whether Plaintiff and Hill received their lunch trays, and Officer Talmage said they did.  Id.  However, Defendant Woods did not believe Defendant Talmage and said, "Damn, Talmage, what's wrong with you?  You must [not] like working for GDC no more."[2]  Defendant Talmage then aggressively "grabbed [Plaintiff's] cuffs down."  Id.  Plaintiff tried to pull his hands back up, but Defendant Talmage pushed his head.  Id.  Defendant Woods told Defendant Talmage to let Plaintiff go at least seven times.  Id.  While the orientation of Plaintiff's body is unclear, Plaintiff writes that, "when [he] was halfway around where [he] could see [Defendant Talmage] out [of] the right side of [his] eye," he could tell Sergeant Woods was "in the middle" between Plaintiff and Defendant Talmage.  Id.  Defendant Talmage then deployed his spray and sprayed Plaintiff in the face "while [Plaintiff] was cuffed" without approval from Defendant Woods.

Plaintiff brings this action against Sergeant Woods and Officer Talmage.  Id. at 4.  He alleges Defendants used excessive force in violation of the Eighth Amendment.[3]  Id. at 1, 6.  As relief, Plaintiff requests: (1) $75,000 in damages for the violation of his Eighth Amendment rights by Defendant's use of excessive force; (2) $50,000 in damages for the lack of medical

---

[2]      "GDC" refers to the Georgia Department of Corrections.

[3]      Plaintiff writes that Defendants violated his "Eighteenth Amendment" rights by "using unusual force and spraying [him]."  Id. at 1, 6.  The Court construes this statement as Plaintiff bringing an excessive force claim under the Eighth Amendment.  Smitherman v. Decatur Plastics Prod. Inc, 735 F. App'x 692 (11th Cir. 2018) ("Pro se pleadings are held to a less stringent standard than those drafted by attorneys and are thus liberally construed."); Torres v. Miami-Dade County, 734 F. App'x 688, 691 (11th Cir. 2018).

treatment after being sprayed; and (3) an injunction removing Defendants Woods and Talmage from their jobs.  Id. at 6.

## STANDARD OF REVIEW

Plaintiff is bringing this action *in forma pauperis*.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or if it fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleadings contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.      Plaintiff's Request for Damages for Denial of Medical Treatment**

In his Complaint, Plaintiff requests $50,000 in damages for "not being granted the right medical treatment after being sprayed, and [slammed]." Doc. 1 at 6.  Rule 8 of the Federal Rules of Civil Procedure requires plaintiffs allege in their complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.  Plaintiff does not allege any facts relating to the medical treatment he may or may not have received after the incident with Defendants Woods and Talmage.  Thus, Plaintiff fails to state a claim for relief for the denial or delay of medical treatment.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's request for $50,000 in damages related to the medical treatment he received.

**II.     Claims Against Defendants in Their Official Capacities**

Plaintiff does not indicate whether he brings his claims against Defendants in their individual or official capacities.  Doc. 1.  The Court construes Plaintiff's allegations as claims against Defendants in both their individual and official capacities. See Smitherman v. Decatur Plastics Prod. Inc, 735 F. App'x 692 (11th Cir. 2018); Torres v. Miami-Dade County, 734 F. App'x 688, 691 (11th Cir. 2018).

Plaintiff, however, cannot sustain a § 1983 claim for money damages against Defendants in their official capacities.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency or a state officer in his official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983.  Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes Defendants from suits for money damages in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. Therefore, the Court should **DISMISS** all claims for money damages against Defendants in their official capacities.[4]

### III.   Plaintiff's Eighth Amendment Claims

Plaintiff brings two claims based on alleged violations of the Eighth Amendment: (1) an excessive force claim against Defendant Talmage; and (2) a failure to intervene claim against Defendant Woods. Doc. 1. "The Eighth Amendment provides a federal right against the infliction of cruel and unusual punishment." Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010). "A plaintiff inmate may state an Eighth Amendment claim by challenging either: (1) the deliberate indifference to serious medical need; (2) the specific conditions of confinement; or (3) the excessive use of force." McNeeley v. Wilson, 649 F. App'x 717, 721 (11th Cir. 2016) (quoting Thomas v. Bryant, 614 F.3d 1288, 1303 (11th Cir. 2010)).

### A.   Excessive Force

The Eighth Amendment's proscription against cruel and unusual punishment governs the amount of force that prison officials are entitled to use against inmates. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was

---

[4]   However, to the extent Plaintiff successfully states a constitutional claim, he may seek injunctive relief against any Defendant in his official capacity. Ex parte Young, 209 U.S. 123, 148–50 (1908).

"sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Subjectively, such "force is deemed legitimate in a custodial setting as long as it is applied 'in a good faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm.'" Burke v. Bowns, 653 F. App'x 683, 695 (11th Cir. 2016) (quoting Skrtich v. Thornton, 280 F.3d 1295, 1300 (11th Cir. 2002)); Pearson v. Taylor, 665 F. App'x 858, 863 (11th Cir. 2016) ("The 'core judicial inquiry' for an excessive-force claim is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" (quoting Wilkins v. Gaddy, 559 U.S. 34, 37 (2010))). "Correctional officers in a prison setting can use pepper spray on an inmate, but there must be a valid penological reason for such a use of force." Williams v. Rickman, 759 F. App'x 849, 851 (11th Cir. 2019).

The Eleventh Circuit Court of Appeals has "identified five factors to help evaluate whether force was applied maliciously or sadistically." Pearson, 665 F. App'x at 863; Burke, 653 F. App'x at 695. The factors are: (1) the need for the exercise of force; (2) the relationship between the need for force and the force applied; (3) the extent of injury that the inmate suffered; (4) the extent of the threat to the safety of staff and other inmates; and (5) any efforts taken temper the severity of a forceful response. Skelly v. Okaloosa Cty. Bd. of Cty. Comm'rs, 456 F. App'x 845, 848 (11th Cir. 2012) (quoting Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009)). Notably, "even when an initial use of force against a prisoner is constitutionally permissible, continued force is excessive after the prisoner has complied and control has been restored." Williams, 759 F. App'x at 853.

Plaintiff contends Defendant Talmage "aggressively" grabbed his handcuffs and then pushed Plaintiff's head, slamming him into the ground before spraying a chemical agent into

Plaintiff's face.  Id.  Plaintiff alleges at the time this occurred, he was handcuffed and inquiring about receiving his lunch tray.  Id.; see also Williams, 759 F. App'x at 852 ("Crediting Mr. Williams' version of events at summary judgment, as we must, Captain Harrell's use of pepper spray was not penologically justified—because Mr. Williams was not misbehaving—and constituted excessive force."); Burke, 653 F. App'x at 696 (affirming the district court's grant of summary judgment to defendants when defendants sprayed pepper spray into plaintiff's cell but "applied only two very brief spurts of pepper spray"); Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010) (finding an Eighth Amendment violation when prison officials sprayed the plaintiff-inmate with a chemical agent when that inmate "was fully secured in his . . . cell," was "not presenting a threat," and "was unable to understand and comply with officers' orders due to his mental illness"); Sheppard v. City of Blackshear, No. 5:12-cv-136, 2015 WL 300458, at *8 (S.D. Ga. Jan. 22, 2015) ("The Eleventh Circuit has long held that a handcuffed, non-resisting defendant has a right to be free from excessive force.").  Plaintiff alleges a non-frivolous claim that Defendant Talmage used excessive force against Plaintiff.  Thus, Plaintiff's claim shall proceed against Defendant Talmage.

**B.**     **Failure to Intervene**

"It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983." Fundiller v. City of Cooper City, 777 F.2d 1436, 1441 (11th Cir. 1985).  Rather, the Eighth Amendment "imposes a duty on prison officials" to "take reasonable measures to guarantee the safety of the inmates." Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099–1100 (11th Cir. 2014).  Under this standard, "an officer can be liable for failing to intervene when another officer uses excessive force." Priester v. City of Riviera Beach, 208 F.3d 919, 924 (11th Cir. 2000) (citing Ensley v. Soper, 142 F.3d 1402, 1407–

08 (11th Cir. 1998)); <u>Sebastian v. Ortiz</u>, 918 F.3d 1301, 1312 (11th Cir. 2019) ("[I]f a police

officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation

such as an unprovoked beating takes place in his presence, the officer is directly liable under

Section 1983." (quoting <u>Ensley</u>, 142 F.3d at 1407)); <u>Byrd v. Clark</u>, 783 F.2d 1002, 1007 (11th

Cir. 1986); <u>see also</u> <u>Bailey v. City of Miami Beach</u>, 476 F. App'x 193, 196–97 (11th Cir. 2012)

(no qualified immunity for officer who watched for two or three minutes while two of his fellow

officers "attacked" plaintiff); <u>Murphy v. Turpin</u>, 159 F. App'x 945, 948 (11th Cir. 2005)

(applying deliberate indifference standard to claim that prison official failed to intervene in

inmate-on-inmate assault).  However, "[t]o be held liable, the officer must both be 'in a position

to intervene' and 'fail[] to do so' [and] there also must be an underlying constitutional violation."

<u>Sebastian</u>, 918 F.3d at 1312 (quoting <u>Priester</u>, 208 F.3d at 924).

Plaintiff alleges that Defendant Woods' failure to intervene when Defendant Talmage

sprayed a "chemical agent" into Plaintiff's face while Plaintiff was handcuffed, restrained, and

not resisting.  Doc. 1 at 5–6.  However, Plaintiff also writes that Defendant Woods told

Defendant Talmage to stop at least seven times and that Defendant Woods placed himself

between Plaintiff and Defendant Talmage.  <u>Id.</u>  Thus, it appears that Defendant Woods employed

"reasonable measures" to protect Plaintiff's safety by attempting to intervene in the incident.  I,

therefore, **RECOMMEND** the Court **DISMISS** failure to intervene claim against Defendant

Woods.

## IV.   Leave to Appeal *in Forma Pauperis*

Should the Court adopt my recommendations, the Court should also deny Plaintiff leave

to appeal *in forma pauperis* as to his dismissed claims.  Though Plaintiff has not yet filed a

notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.

Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  <u>Busch v. County of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  <u>Napier</u>, 314 F.3d at 531; <u>see also</u> <u>Brown v. United States</u>, Nos. 4:07-cv-085, 4:03-cr-001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to Plaintiff's requested damages for lack of medical treatment and for Plaintiff's failure to intervene claim against Defendant Woods.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's failure to intervene claim against Defendant Woods and **DISMISS** Plaintiff's request for relief for damages due to lack of medical treatment.  I **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis status* on appeal as to these claims.  However, I **FIND** Plaintiff's excessive force claim against Defendant Talmage shall proceed.  A copy of Plaintiff's Complaint, doc. 1, and a

10

copy of this Order shall be served upon Defendant Talmage by the United States Marshal without prepayment of cost.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.**

## <u>INSTRUCTIONS TO DEFENDANT</u>

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal.  Fed. R. Civ. P. 4(c)(3).  In most cases, the marshal will first mail a copy of the complaint to defendant by first-class mail and request that defendant

waive formal service of summons.  Fed. R. Civ. P. 4(d); Local R. 4.7.  Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date that the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendant is hereby granted leave of court to take the deposition of Plaintiff upon oral examination.  Fed. R. Civ. P. 30(a)(2).  Defendant is further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer.  Local R. 26.1.  Defendant shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30.  As Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within 10 days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any.  Defendant shall present such questions to the witness seriatim during the deposition.  Fed. R. Civ. P. 30(c).

<u>**INSTRUCTIONS TO PLAINTIFF**</u>

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or his counsel.  Fed. R. Civ. P. 5.  "Every

pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 *et seq.* The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendant. Interrogatories are not to contain more than 25 questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he

should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.  **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution.  Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendant may initiate. Upon no less than five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.  Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.  A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING
## MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both.  Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service.  "Failure to respond shall indicate that there is no opposition to a motion."  Local R. 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose Defendant's motion.  Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion.  Local R. 7.5, 56.1.  The failure to respond to such a motion shall indicate that there is no opposition to the motion.  Furthermore, each material fact set forth in Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case.  That burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Should Defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendant's statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment may be entered against

Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of September, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA