FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 2:39 pm, Nov 02, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

TOBIAS SMITH,

        Plaintiff,

   v.

OFFICER TALMAGE,

        Defendant.

CIVIL ACTION NO.: 6:18-cv-64

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's failure to comply with the Court's

Orders.  Docs. 4, 8, 21.  For the following reasons, I **RECOMMEND** the Court **DISMISS**

**without prejudice** Plaintiff's Complaint, doc. 1, for failure to follow this Court's Orders and

**DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of

dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma*

*pauperis.*[1]

---

[1]    A "district court can only dismiss an action on its own motion as long as the procedure employed
is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its
intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir.
2011) (citations and internal quotations marks omitted).  A magistrate judge's report and recommendation
provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union
349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's
intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the
sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280,
1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua
sponte dismissed).  This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due
to be dismissed.  As indicated below, Plaintiff will have the opportunity to present his objections to this
finding, and the presiding district judge will review de novo properly submitted objections.  See 28
U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL
5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation

## BACKGROUND

Plaintiff, proceeding pro se, filed a 42 U.S.C. § 1983 Complaint and a motion for leave to proceed *in forma pauperis*.  Docs. 1, 2.  In its Order granting Plaintiff *in forma pauperis* status, the Court advised Plaintiff he was to immediately inform the Court in writing of any change in his address and warned Plaintiff his failure to do so would result in the dismissal of his case.  Doc. 4 at 3.  The Clerk of Court issued a Scheduling Notice in this case and mailed the Notice to Plaintiff at his last known address.  Doc. 17.  However, that mailing was returned as undeliverable, with the notations: "Return to Sender, Not at GSP."  Doc. 19 at 1.  The Court then issued an Order on October 19, 2020, for Plaintiff to notify the Court in writing of his change in address within 14 days of that Order and warned Plaintiff his failure to do so would result in his cause of action being dismissed.  Doc. 21.  This Order was returned as undeliverable with the notations: "Return to Sender, Refused, Unable to Forward" and "Not at GSP."  Doc. 22 at 1.[2]

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Orders.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint and **DENY** Plaintiff leave to appeal *in forma pauperis*.

I.      **Dismissal for Failure to Follow This Court's Orders**

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.  Link v.

---

constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2]      As this Court already noted, Plaintiff has been released from the Georgia Department of Corrections' custody, and he failed to notify the Court of his release or new address.  Doc. 21 at n.1.

Wabash R.R. Co., 370 U.S. 626 (1962);[3] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are

---

[3]     In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633.  Nonetheless, in the case at hand, the Court advised Plaintiff his failure to update his address would result in the dismissal of his cause of action. Doc. 4 at 3; Doc. 8 at 13; Doc. 21.

afforded greater discretion in dismissing claims in this manner.  <u>Taylor</u>, 251 F. App'x at 619;

<u>see also</u> <u>Coleman</u>, 433 F. App'x at 719; <u>Brown</u>, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this

action without prejudice is warranted.  <u>See</u> <u>Coleman</u>, 433 F. App'x at 719 (upholding dismissal

without prejudice for failure to prosecute § 1983 complaint where plaintiff did not respond to

court order to supply defendant's current address for purpose of service); <u>Taylor</u>, 251 F. App'x at

620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs

insisted on going forward with deficient amended complaint rather than complying or seeking an

extension of time to comply with court's order to file second amended complaint); <u>Brown</u>, 205

F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims

where plaintiff failed to follow court order to file amended complaint and court had informed

plaintiff that noncompliance could lead to dismissal).

With Plaintiff having failed to follow this Court's Orders or otherwise notify the Court, in

writing, of any change in his address, the Court has no means of communicating with Plaintiff

and cannot move forward with this case.  <u>See</u> 28 U.S.C. § 1915.  Moreover, Plaintiff was given

notice of the consequences of his failure to follow the Court's Orders, and Plaintiff has not made

any effort to do so.  Thus, the Court should **DISMISS without prejudice** Plaintiff's Complaint,

doc.1, for failure to follow this Court's Orders and **DIRECT** the Clerk of Court to **CLOSE** this

case and enter the appropriate judgment of dismissal.

## II.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff

has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's

4

order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's Order, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for failure to follow this Court's Orders and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate

Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 2nd day of November, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA